Joao Alexander VIEGAS, Petitioner,

v.

IMMIGRATION AND NATURALIZA-
TION SERVICE, Respondent.

No. 6393.

United States Court of Appeals
First Circuit.

Heard Dec. 7, 1964.

Dec. 30, 1964.

Peter J. Needham, Boston, Mass., for petitioner.

A. David Mazzone, Asst. U. S. Atty., with whom W. Arthur Garrity, Jr., U. S. Atty., was on brief, for respondent.

Before WOODBURY, Chief Judge, ALDRICH, Circuit Judge, and CAF-FREY, District Judge.

PER CURIAM.

Petitioner is a Portuguese fisherman. He entered the United States at Jacksonville, Florida, on April 2, 1963, as a crewman on a fishing vessel. Under the authority of Section 252 of the Immigration and Nationality Act of 1952, 66 Stat. 220, 8 U.S.C. § 1282(a), he was entitled to remain in this country as long as his vessel was in port but in no event for more than 29 days. Petitioner violated this section by deserting his ship in New York and he subsequently failed to register as an alien. Section 261 of the Act, 66 Stat. 223, 8 U.S.C. § 1301.

On these facts petitioner was admittedly subject to deportation as provided in Section 241 of the Act, 66 Stat. 204, 8 U.S.C. § 1251(a) (2). On March 11, 1964, an order to show cause was issued. On March 18, a hearing on the issue was held before a special inquiry officer with the petitioner represented by counsel. The material facts as outlined above were admitted, but petitioner urged he be allowed to depart the country voluntarily rather than be deported. The hearing officer found that although petitioner was eligible for voluntary departure under Section 244 of the Act, 66 Stat. 217, 8 U.S.C. § 1254(e), this section would not be applied because petitioner had violated the law intentionally, had no contacts in this country, and had demonstrated no affirmative equities. This decision was appealed to the Board of Immigration Appeals which dismissed the appeal on August 4, 1964. Review is sought over this action. 64 Stat. 1129 (1950), 5 U.S.C. § 1032 (1958), made applicable by Section 106 of the Act, added 75 Stat. 651 (1961), 8 U.S.C. § 1105a (Supp. V, 1964).

Viegas here renews his contention that he should have been allowed to depart voluntarily. However, since he has

shown no basis for believing that the special inquiry officer either refused to exercise or abused his discretion, he has shown no error in the action taken by the Board of Immigration Appeals.

Judgment will be entered affirming the action of the Board.